IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEGAL RECEIVABLES, LLC,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:26-00119-N |
| | ) | |
| LYON COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This civil action is before the undersigned Magistrate Judge on review *sua sponte* of the Court's subject-matter jurisdiction.[2] Upon due consideration, the Defendant, Lyon College ("the College"), will be ordered to file an amended notice of removal to correct defects in its jurisdictional allegations, and also to file a disclosure

---

[1] The Clerk of Court is **DIRECTED** to amend the Plaintiff's name on the docket header to add the suffix "LLC."

[2]     "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

    "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

statement as required by Federal Rule of Civil Procedure 7.1 and S.D. Ala. CivLR 7.1.

## I.

The College removed this case from the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441(a), with the Notice of Removal (Doc# 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for original subject-matter jurisdiction over this case. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").[3]

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g., City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that

---

[3] The complaint is in substance a motion to compel arbitration and appoint an arbitrator under the Federal Arbitration Act, 9 U.S.C. §1, *et seq.* However, "[a]s courts have long held,…the FAA does not confer subject matter jurisdiction on federal courts. Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA." *Baltin*, 128 F.3d at 1469.

would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation omitted)); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[4] *Cf. Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. Without such allegations, district courts are

---

[4] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

3

constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." (citations omitted)).

Having considered the Notice of Removal (Doc# 1), the undersigned identifies the following deficiencies in the College's allegations regarding the parties' citizenships:[5]

- The College asserts that the Plaintiff, Legal Receivables, LLC ("Legal"), "alleges" in its state court complaint that "it is an Alabama corporation with its principal office located in Mobile…" (Doc# 1 ¶ 3, PageID.1). The complaint, however, says no such thing, instead alleging that Legal is a "limited liability company." (Doc# 1-1, PageID.8). The fact that Legal is identified with the suffix LLC in both the complaint and the notice of removal further confirms that Legal is a limited liability company, an unincorporated entity.[6] The College does not claim that Legal has been mislabeled as, or misrepresented to be, an LLC. For purposes of diversity jurisdiction, it is well established that an unincorporated artificial entity such as an LLC "possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016); *see also Rolling Greens MHP*, 374 F.3d at 1022 ("like a limited partnership, a limited liability

---

[5] Considering the complaint and its attached exhibits, this action meets the amount-in-controversy requirement of § 1332(a).

[6] *See* https://www.law.cornell.edu/wex/limited_liability_company_%28llc%29 (last visited April 16, 2026).

company is a citizen of any state of which a member of the company is a citizen"). Therefore, to properly allege Legal's citizenship, the College, as the party invoking jurisdiction, must "list the citizenships of all the members of the limited liability company…" *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). *See also* S.D. Ala. CivLR 8 ("A pleading or notice of removal asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation…If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members."). This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)).[7]

- Subject to inapplicable exceptions, for purposes of diversity jurisdiction a

---

[7] *See also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); *Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). The notice of removal alleges the College "is a nonprofit corporation with its principal place of business in Arkansas," (Doc# 1 ¶ 3, PageID.2), but fails to allege "every State and foreign state by which [the College] has been incorporated."[8]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[T]he failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted). "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Id.* at 1297. Upon due consideration, the College is **ORDERED** to file and serve, no later than **MAY 1, 2026**, an amended Notice of Removal that corrects the above-described deficiencies in their allegations supporting subject-matter jurisdiction under § 1332(a). The failure to comply with

---

[8] The undersigned acknowledges that Legal's complaint alleges that the College is "an Arkansas nonprofit corporation" (Doc# 1-1, PageID.8). However, as the party invoking removal jurisdiction, it is the College's burden to plead facts in its notice of removal showing diversity of citizenship. Moreover, as the complaint was filed in state court, Legal was under no obligation to identify "every State and foreign state by which [the College] has been incorporated" in order to establish diversity jurisdiction, while the College is. Since a federal court should not be required to speculate, guess, or assume with regard to subject-matter jurisdiction, and particularly since the College must already amend its notice to properly allege Legal's citizenship, the College will also be required to amend to clearly allege all necessary facts demonstrating its own citizenship.

this order may result in remand of this case *sua sponte* for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In light of the foregoing uncertainty regarding the Court's subject-matter jurisdiction, the briefing order issued April 13, 2026 (Doc# 5), is **VACATED**, and briefing on the College's pending motion to dismiss (Doc# 3) is **STAYED** until otherwise ordered.

## II.

To date, the College has not filed a disclosure statement as required by Federal Rule of Civil Procedure 7.1 and S.D. Ala. CivLR 7.1. The College is **ORDERED** to do so, using this Court's current form (https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf), no later than **MAY 1, 2026**.

**DONE** and **ORDERED** this the **16th** day of **April 2026**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

7